IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTHER RAQUEL MEDINA,

     Plaintiff,

v.                                                                        No. 1:24-cv-00140-SCY

PEGGY ROMERO and
JOSCELYN LESTER,

     Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER TO SHOW CAUSE**

     **THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 9, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 9, 2024 ("Application").

**Application to Proceed *in forma pauperis***

     The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $500.00; (ii) Plaintiff's monthly expenses total $0.00; and (iii) Plaintiff has $0.00 in cash and no funds in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because of her low monthly income.

**The Complaint**

This case appears to arise from child custody and criminal proceedings in state court. Plaintiff alleges:

> I'm entitled to reunification with my children listed. According to codes, statutes, rules, the State is suppose to reunif[y] children with biological mother/father . . . This case has been dismissed. They claim I forf[e]it my children, I've reported abuse that went unmanaged or reported right, I want to start having visits with my sons before they adopt them off. I don't understand how this got this far when it's been dismissed. I'm working and got stable living.

Complaint at 2. Plaintiff also states: "Incarceration is not a A-1-4-14 child custod[y] basis [our] freedom of speech has been violated." Complaint at 2-3 (referring to "double jeopardy triple jeopardy"). Defendant Romero is employed as a "worker of the State CYFD." Complaint at 1. Defendant Lester is employed as a "State of NM District Attorney." Complaint at 2.

The Complaint fails to state claims upon which relief can be granted against Defendants Romero and Lester. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). There are no factual allegations describing what Defendants Romero and Lester did to Plaintiff, when they did it and what specific legal right Plaintiff believes each violated.

Plaintiff's vague references to double jeopardy and violation of her right to free speech are not, by themselves, sufficient to state a claim because there are no factual allegations supporting those statements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

It appears that Plaintiff's claims may be barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Plaintiff's statement that "This case has been dismissed," indicates that the State of

New Mexico apparently terminated some of Plaintiff's rights regarding her children and Plaintiff thus seeks reunification with her children and to be "released from following visitation orders." Complaint at 2, 5. It appears that granting Plaintiff the relief she seeks would undo a state-court judgment regarding Plaintiff and her children.

The Court orders Plaintiff to show cause why the Court should not dismiss this case for failure to state a claim or as barred by the *Rooker-Feldman* doctrine. If Plaintiff asserts this case should not be dismissed, Plaintiff must file an amended complaint. The amended complaint must allege sufficient facts to state a claim over which the Court has jurisdiction. The amended complaint must also provide the case number of the state court case that Plaintiff referenced in her Complaint and any other cases that Plaintiff refers to in the amended complaint.

**Proceedings** *in forma pauperis*

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend. The Court grants Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Amended Complaint on Defendants at this time because the Complaint fails to state a claim over which the Court has jurisdiction. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed February 9, 2024, is **GRANTED.**

(ii)  Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**