IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTHER RAQUEL MEDINA,

        Plaintiff,

v.   No. 1:24-cv-00140-KG-SCY

PEGGY ROMERO and
JOSCELYN LESTER,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case appears to arise from child custody and criminal proceedings in state court. Plaintiff, who is proceeding *pro se*, alleges:

> I'm entitled to reunification with my children listed. According to codes, statutes, rules, the State is suppose to reunif[y] children with biological mother/father . . . This case has been dismissed. They claim I forf[e]it my children, I've reported abuse that went unmanaged or reported right, I want to start having visits with my sons before they adopt them off. I don't understand how this got this far when it's been dismissed. I'm working and got stable living.

Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed February 9, 2024 ("Complaint"). Plaintiff also states: "Incarceration is not a A-1-4-14 child custod[y] basis [our] freedom of speech has been violated." Complaint at 2-3 (referring to "double jeopardy triple jeopardy"). Defendant Romero is employed as a "worker of the State CYFD." Complaint at 1. Defendant Lester is employed as a "State of NM District Attorney." Complaint at 2.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> The Complaint fails to state claims upon which relief can be granted against Defendants Romero and Lester. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). There are

no factual allegations describing what Defendants Romero and Lester did to Plaintiff, when they did it and what specific legal right Plaintiff believes each violated.

Plaintiff's vague references to double jeopardy and violation of her right to free speech are not, by themselves, sufficient to state a claim because there are no factual allegations supporting those statements. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

It appears that Plaintiff's claims may be barred by the *Rooker-Feldman* doctrine which:

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 Fed.Appx. 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Plaintiff states "This case has been dismissed," indicates that the State of New Mexico apparently terminated some of Plaintiff's rights regarding her children, and seeks reunification with her children and to be "released from following visitation orders." Complaint at 2, 5. It appears that granting Plaintiff the relief she seeks would undo a state-court judgment regarding Plaintiff and her children.

Order to Show Cause at 3-4, Doc. 5, filed February 12, 2024. Judge Yarbrough ordered Plaintiff:

> to show cause why the Court should not dismiss this case for failure to state a claim or as barred by the *Rooker-Feldman* doctrine. If Plaintiff asserts this case should not be dismissed, Plaintiff must file an amended complaint. The amended complaint must allege sufficient facts to state a claim over which the Court has jurisdiction. The amended complaint must also provide the case number of the state court case that Plaintiff referenced in her Complaint and any other cases that Plaintiff refers to in the amended complaint.

Order to Show Cause at 4.

Plaintiff did not file a response to Judge Yarbrough's Order showing cause why the Court should not dismiss this case for failure to state a claim or as barred by the *Rooker-Feldman* doctrine. Plaintiff filed an Amended Complaint, Doc. 8, filed February 20, 2024, and a Motion for Service, Doc. 9, filed February 20, 2024. The two-page Amended Complaint alleges:

> Civil right – state law, full awareness
>
> The state is entitled to reunifite the child with biological mom/dad
>
> Violated my childrens freedom of speech
>
> Family court was never given
>
> They didn't reach the procedure for dna for alleged defendant miguel Espinoza 5/26/86
>
> We were lied, tricked, forced into a petition filed by Cyfd, they failed to do the ten day ruling or automatic dismissal & I believe in finding they are doing double jeopardy. When the state dismisses it in court they cant re open it. Im the mother of children [three names] & Im requesting sole custody of my children emergency custody hearing if your honor may grant it.
> . . . .
> On dec 2, 2016 they took my children into custody
>
> On dec 19, 2016 they failed to provide attorney
>
> Feb 2017 they stated im guilty for neglect for incarceration . . . .

[sic] Amended Complaint at 1-2.

The Court dismisses this case for failure to state a claim upon which relief can be granted because there are no allegations in the Amended Complaint describing what Defendants Romero and Lester did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Amended Complaint also does not allege facts showing that Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine. Plaintiff attached 17 pages of documents to the Amended Complaint. The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief

can be granted. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). The Court denies Plaintiff's Motion for Service because the Court is dismissing this case.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED without prejudice.**

(ii)  Plaintiff's Motion for Service, Doc. 9, filed February 20, 2024, is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE